

ELECTRONICALLY FILED
5/15/2014 11:16 AM
04-CV-2014-900109.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

# IN THE CIRCUIT COURT FOR
# AUTAUGA COUNTY, ALABAMA

| | | |
|---|---|---|
| REGINALD O'NEAL, an individual | § § § § | |
| PLAINTIFF, | § § | |
| V. | § § | CIVIL ACTION NO.: |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a corporation, | § § § § | |
| DEFENDANT. | § § | |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, Reginald O'Neal ("O'Neal"), is over the age of nineteen (19) years and is a resident of Autauga County, Alabama.

2. Defendant, The Lincoln National Life Insurance Company ("Lincoln"), is on information and belief a foreign corporation, which at all relevant times mentioned in this Complaint has done or transacted business in Autauga County, Alabama.

### JURISDICTION

3. This action arises under the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

1

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

### GENERAL AVERMENTS

5. Defendant, Lincoln, is a named fiduciary and/or administers a disability plan ("the plan"), of which O'Neal is a plan participant and beneficiary.

6. Said plan was an employee benefit provided to employees by O'Neal's employer, Kumi Manufacturing Alabama, LLC.

7. The plan constitutes an employee welfare benefit plan as defined in 29 U.S.C. § 1002(1) and is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. The defendant is a fiduciary with respect to such plan within the definition of "fiduciary" under 29 U.S.C. §1002(21)(A) and 29 U.S.C. § 1102.

### COUNT I

8. O'Neal realleges and incorporates herein by reference each of the above numbered paragraphs.

9. On or about November 14, 2013, O'Neal stopped working because he was disabled due to chronic low back pain, degenerative disc disease, and bilateral pain in the lower extremities. O'Neal's treating physician, Dr. William Montiel, stated that O'Neal would require medical

leave in order to undergo Lumbar Epidural Steroid Injections (LESIs) as well as vascular surgery to determine peripheral vascular disease.

10. Subsequently, O'Neal made a claim under said plan for the disability benefits provided by said plan. Lincoln properly paid benefits to O'Neal from November 21, 2013 to February 11, 2014. In a letter dated March 5, 2014, Lincoln informed O'Neal that it would not pay benefits beyond February 11, 2014. O'Neal promptly appealed the wrongful decision on March 20, 2014. Lincoln wrongfully denied his appeal on April 24, 2014.

11. Lincoln's denial of O'Neal's benefits constituted a breach of Defendant's obligations under the Plan, was a violation of ERISA, and/or was arbitrary and capricious.

12. O'Neal complied with all terms of said Plan as a condition precedent to bringing this suit, including exhausting all administrative remedies available to him.

13. O'Neal continues to be eligible for present and future disability benefits under said plan, and the Defendant has wrongfully denied O'Neal's "claim" for the same.

14. This action seeks to recover benefits due to O'Neal under said plan and seeks to enforce O'Neal's rights under the terms of said plan and

seeks to clarify O'Neal's rights to future benefits under the terms of said plan.

WHEREFORE, Plaintiff prays the Court as follows:

1. For a judgment against Lincoln in the sum of all the claims for past benefits wrongfully withheld from O'Neal by Lincoln pursuant to 29 U.S.C. § 1132(a)(1);

2. For a declaratory judgment as to O'Neal's entitlement to future benefits and an appropriate order against Lincoln ordering Lincoln to pay all similar claims of O'Neal in the future pursuant to 29 U.S.C. § 1132(a)(1);

3. Should Lincoln voluntarily pay all past due benefits, for a declaratory judgment as to O'Neal's entitlement to future benefits, along with an appropriate order directing Lincoln to pay similar claims to O'Neal in the future;

4. For an award of prejudgment interest, costs, and expenses, including reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g);

5. For an order requiring Lincoln to provide O'Neal with additional benefits to which O'Neal would be entitled pursuant to a finding that O'Neal is disabled under The Plan, including the benefit of any applicable waiver of premium and the recovery of additional health insurance premium paid as a result of Lincoln's termination of his disability claim;

6. Restitution; and

7. For such other, further or different relief which may be just and proper.

Respectfully Submitted,

/s/ Brian D. Turner
Brian D. Turner (TUR046)

/s/ James D. Turner
James D. Turner (TUR004)

Counsel for Plaintiff
**TURNER AND TURNER, P.C.**
ATTORNEYS AT LAW
P.O. BOX 2688
TUSCALOOSA, AL 35403
(205) 752-1502
(205) 345-7229 (fax)